**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KAREN B MCGEE,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  1:23-CV-00820-RP |
| | § | |
| **TRAVIS COUNTY, OFFICER DOE** | § | |
| **1, ALFREDO GONZALES,** | § | |
| **ANTHONY COLEMAN, RAYLYNN** | § | |
| **TAYLOR, LORI REID,** | § | |
| **FELICITAS PEREZ RODRIGUEZ,** | § | |
| **JEZIKAH BLIZZ CUBILLAS,** | § | |
| **STEVEN HAYES, ASHLEY** | § | |
| **POESCHL,** | § | |
| *Defendants* | § | |

**ORDER**

Before the Court is Defendant Travis County's motion for independent medical examination pursuant to Federal Rule of Civil Procedure 35, Dkt. 116, and all related briefing. The District Judge referred the motion to the undersigned for disposition. After reviewing the filings and the relevant law, the undersigned grants the motion.

## I.    BACKGROUND

Plaintiff Karen McGee, who has severe hearing loss, sues Travis County (the "County") for violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") in connection with her detainment at a Travis County jail in September 2022. Dkt. 89, at 2. Among other allegations, McGee states that following her arrest at the Austin Bergstrom International Airport, jail staff noted her hearing disability but did not accommodate her by slowing down their

1

speech, taking off their face masks, or writing down their communications. *Id.* at 9-10. McGee claims the County denied her certain benefits or services because of her disability. *See id.*

McGee saw an audiologist in June 2022, before the events leading to this litigation occurred. Dkt. 117-1. In 2024, McGee disclosed that the audiologist who conducted her June 2022 examination would "testify consistent with the medical records" at trial. Dkt. 117-3. In August 2025, the County informed McGee's counsel that it had retained an independent audiologist to evaluate McGee's hearing and requested dates for the exam. Dkt. 117-5, at 1; *see also* Dkt. 117-4, at 3 (disclosing the audiologist and stating that she would "perform a base line testing"). The County renewed its request in September and October 2025. *Id.* at 2-3. The expert-disclosure deadline passed on January 14, 2026.

The County filed this motion on January 22, 2026, stating that its expert "wishe[d] to have a base line hearing test conducted as one was not conducted by Plaintiff's expert." Dkt. 116, at 1. The County appears to refer to McGee's treating audiologist from 2022. *Id.* at 4 (stating that McGee plans to present her audiologist's expert testimony). But McGee insists she "has not retained an audiologist and has not produced any expert report by an audiologist," and, in any event, she has already provided her 2022 test. Dkt. 117, at 3.

## II.    LEGAL STANDARD

Rule 35(a) of the Federal Rules of Civil Procedure provides that a court may order a party to submit to a physical examination by a "suitably licensed and certified

2

examiner" where the party's physical condition is "in controversy" and good cause exists. Fed. R. Civ. P. 35(a). The Court's order for an examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). Rule 35 is liberally construed in favor of discovery. *Knuth v. Reg'l Transit Auth. of New Orleans*, No. 20-396, 2020 WL 6742800, at *2 (E.D. La. Nov. 17, 2020).

### III.    DISCUSSION

McGee does not dispute that her physical condition is in controversy. Dkt. 117, at 6. But she argues that the County fails to show that the proposed examiner is a physician or that there is good cause for requiring the exam. *Id.* The Court disagrees and finds the County is entitled to the examination.

First, the County's proposed audiologist, Dr. Jennifer LaBorde, is qualified to perform the exam. Whether she is a physician is irrelevant. Whereas a previous formulation of Rule 35 required the examination to be conducted by a physician or psychologist, *see Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990), the Rule was updated in 1991 to permit examinations by licensed professionals who are not physicians or psychologists. *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 393 n.1 (S.D. Tex. 2013); Fed. R. Civ. P. 35(a) advisory committee's note to 1991 amendment ("The revision authorizes the court to require physical or mental examinations conducted by any person who is suitably licensed or certified."). Dr. LaBorde has a professional doctorate in audiology. Dkts. 117, at 6; 117-4, at 9. The Court finds she is qualified to conduct the examination.

Next, the County shows good cause for the examination. Good cause "requires a showing of specific facts that demonstrate the need for the information sought and the lack of means for obtaining it elsewhere." *Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A-09-CA-891 LY, 2011 WL 2011483, at *2 (W.D. Tex. May 20, 2011) (internal quotation marks omitted). Good cause exists "where the plaintiff plans to prove her claim at trial through the testimony of her own expert witness." *Id.* (collecting cases). But "[e]ven where a plaintiff chooses to forgo the use of an expert, courts have found that a defendant should not be compelled to limit its case to mere cross examination, as expert testimony can be essential to afford a defendant adequate opportunity to challenge the plaintiff's claim." *Ornelas*, 292 F.R.D. at 392. "A 'plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiffs treating physicians, are available.'" *Knuth*, 2020 WL 6742800, at *2 (quoting *Ornelas*, 292 F.R.D. at 391-92).

Though McGee quibbles with the County's assertion that she has "designated an audiologist to testify that she was hearing impaired," *see* Dkt. 117, at 3, McGee does not dispute that she plans to call her treating audiologist to testify "consistent with the medical records." *Id.* The County is entitled to conduct its own hearing test to challenge McGee's claims based on those medical records. *See Ornelas*, 292 F.R.D. at 392; *Knuth*, 2020 WL 6742800, at *2. That McGee produced an audiogram from 2022 does not change this analysis, especially given that McGee's audiogram was

4

performed by her own treating audiologist almost four years ago. *See* Dkt. 117, at 3-4; *Knuth*, 2020 WL 6742800, at *2.

McGee takes issue with the fact that the County's motion comes late in the day, and in particular after the expert deadline and without any updated or supplemental disclosures. Dkt. 117, at 3. Courts disagree whether Rule 35 examiners are subject to Rule 26's expert disclosure requirements. *See Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 418 (S.D. Tex. 2012) (summarizing cases and concluding that when a Rule 35 examination does not implicate expert testimony, it may be scheduled after the Rule 26 expert report deadline). In any event, the Court finds that McGee has been on notice of the County's intent to conduct a hearing test since at least August 2025. Though McGee emphasizes the County did not confer with her regarding dates and details of the examination prior to filing this motion, McGee's evidence shows that the County asked for McGee's availability to see Dr. LaBorde in August 2025. Dkt. 117-5, at 1. There is no evidence that McGee's counsel replied to that request. *See id.* Further, though the discovery period in this case ends on February 6, 2026, the undersigned finds that permitting the medical examination in mid-February will not unfairly burden McGee.

Finally, while the Court is sympathetic to McGee's concerns about travel to Pensacola, the undersigned again finds that the County's request to conduct an examination is reasonable. The County states that "no other audiologists closer to Plaintiff's residence would agree to conduct an IME, and this is the closest location that could be arranged under the circumstances." Dkt. 116, at 5-6. There is no

evidence that the County made this statement in bad faith. Additionally, the County has already accommodated McGee by offering to conduct the examination in Florida instead of this District, given the "general rule" that "'a plaintiff who brings suit in a particular forum may not avoid appearing for an examination in that forum.'" *Sanchez v. Swift Transp. Co. of Ariz., LLC*, No. PE:15-CV-15, 2016 WL 10588049, at *3 (W.D. Tex. June 22, 2016) (quoting *Ornelas*, 292 F.R.D. at 399-400). Given that McGee has and will continue to travel to Austin to litigate this case, the Court finds the burden of requiring McGee to travel to Pensacola for a hearing test—with mileage reimbursed—is not too high as to overcome the County's showing of good cause. *See* Dkt. 116, at 5. To minimize the burden on McGee, the Court encourages the parties to confer regarding the length of time McGee's examination will take. *See* Dkt. 117, at 7 n.4.

The Court is unpersuaded that it lacks information to issue an order complying with Rule 35(a)(2)(B). *See* Dkt. 117, at 7; Fed. R. Civ. P. 35(a)(2)(B) (requiring that the Court's order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it"). As stated below, Dr. LaBorde will conduct an examination of McGee's hearing at her place of business during the time windows the County proposes in its motion. To the extent McGee presently lacks "details" of the hearing examination, she may obtain those details from any report by Dr. LaBorde and address any deficiencies on cross-examination.

## IV.    ORDER

In accordance with the above discussion, the Court **ORDERS** Plaintiff Karen McGee to attend a hearing examination with Dr. Jennifer LaBorde, Aud.D. at 8333 N. Davis Hwy, Pensacola, FL 32514. Plaintiff may attend the examination, at her election, on Thursday, February 12, 2026, anytime between 8:30 a.m. and 10:30 a.m.; Wednesday, February 18, 2026, at 2:00 p.m.; or Thursday, February 19, 2026, at 2:00 p.m.

The Court **FURTHER ORDERS** that Defendant Travis County shall reimburse McGee for her travel at the federal rate for mileage.

SIGNED February 5, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE